Common Pleas Court of Tuscarawas County.

AARON FUNK V. J. H. LAMNECK, PROBATE JUDGE.

Decided January 4, 1933.

*Aaron Funk,* for plaintiff.

*J. S. Hare,* for defendant.

LINDSAY, J.

On January 3, 1933, which was the first court day of the calendar year, 1933, J. H. Lamneck, Probate Judge of Tuscarawas county, under the provisions of Section 10501-47 of the General Code, by entry made on the journal of the Probate Court, ordered that all fees be charged for the calendar year, 1933 be reduced 10%, and that said reduced fees constitute the legal fees of said court for the year 1933.

Aaron R. Funk, a tax-payer of Tuscarawas county, filed a petition in this court seeking to restrain the said J. H. Lamneck from putting such reduced fees into effect, on the ground that if the probation officers appointed in the Juvenile Court are considered as employees of the Probate Court, then the fees collected during the year 1932 did not exceed the salary of the judge, deputies, assistants, clerks, bookkeepers, probation officers and other employees by 10%, and therefore the reduction would be illegal.

The fees collected in the Probate Court for the year

1932 amounted to $10,636.50, and the salaries of the judge and other employees, exclusive of probation officers, amounted to $8760.00. It is admitted that if the salaries of probation officers are included, that the fees will not exceed salaries by 10%.

Section 10501-45 of the General Code reads as follows:

"When the aggregate amount of fees and allowances collected by the Probate Judge in any calendar year exceeds by more than ten per centum the amount necessary to pay the salaries of said Probate Judge, deputies, assistants, clerks, bookkeepers, and other employees of his office, including court constables, for the same calendar year, such probate judge may, by an order entered on his journal, provide for a reduction or discount 'of all the fees and allowances required to be charged and collected by him for the use of the county, by fixing a stated percentage of discount which shall be applied to all the earnings of said office for the whole of the ensuing year and shall constitute the legal fees of said office for said year."

It is quite clear from the reading of this section that probation officers are not included in any of the designations, unless it comes under the heading "and other employees of his office." We do not believe that it was the intention of this statute to include probation officers for the following reasons:

(1)    It is the plain intention of this statute that the only employees to be included, except those engaged in making records in the office, are the judge and court constables. If all employees, including probation officers, were to be included, it would have been sufficient to have said "all employees appointed by the judge" and omitted "including court constables."

(2)    Employees appointed by the Probate Judge under the juvenile statutes, are not for this purpose employees of the Probate Court. Although the Probate Judge has juvenile jurisdiction in this county, to all intents and purposes, such juvenile jurisdiction is operated as a separate court. Under Section 1641, General Code, a separate appearance and journal is required to be kept.

(3)    It would be just as reasonable to include the salaries of the superintendent and matron of the juvenile detention home as probation officers, because they are appointed by the Juvenile Judge. All will admit that such

superintendent and matron are not employees of the office of the Probate Judge.

(4) From the standpoint of fairness, it is not reasonable to require patrons of the Probate Court, in administration and guardianship proceedings, to help pay the salaries of probation officers whose duties are to look after delinqent and dependent children. It would be just as reasonable to require such patrons to help pay the salary of the sheriff.

For the above mentioned reasons, the court finds that the salaries of probation officers appointed under Section 1662 of the General Code are not to be included in figuring salaries of the employees of the office of the Probate Judge under Section 10501-45 of the General Code.

It is therefore ordered that the petition for injunction be dismissed.